UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| GEAROLD DELONE, ET AL. | NO. 23-00085-BAJ-SDJ |

### ORDER

On September 27, 2023, an Indictment was issued charging each Defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Following the U.S. Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Defendants moved to dismiss the charges, (Docs. 26, 33).

After the Court issued its ruling in *United States v. Leblanc*, No. CR 23-00045, 2023 WL 8756694, at *1 (M.D. La. Dec. 19, 2023), holding that 18 U.S.C. § 922(g)(1) was unconstitutional as applied in light of *Bruen*, the Court held a Telephone Status Conference with the parties, (Doc. 54), and informed them that the Court would be issuing a stay of the above-captioned proceedings because the constitutionality of § 922(g)(1) after *Bruen* is neither "clear [n]or obvious," *United States v. EtchisonBrown*, No. 22-10892, 2023 WL 7381451, at *3 (5th Cir. Nov. 7, 2023), *cert. denied*, 144 S. Ct. 1356 (2024). The Court then issued an Order staying the above-captioned matter pending further guidance from the Supreme Court, concluding therein that failing to do so could result in a miscarriage of justice. (Doc. 55).

Recently, in *United States v. Rahimi*, 602 U.S. ___ (2024), the Supreme Court

found that § 922(g)(8) is constitutional but explicitly limited its holding to that statute. *Id.* ("Our analysis starts and stops with Section 922(g)(8)(C)(i). . . ."). On the Court's instruction, the parties have since briefed the necessity of a further stay given the *Rahimi* decision. (*See* Docs. 67-70).

Defendants request that the stay be continued until the Fifth Circuit rules specifically on the constitutionality of § 922(g)(1). (Docs. 67, 70). Numerous challenges to § 922(g)(1) are before the Fifth Circuit, including *United States v. Diaz,* No. 23-50452, which was argued on July 10, 2024.

The Government requests that the stay be lifted because *Rahimi* "instructs that the disarmament of felons is presumptively constitutional." (Docs. 68, 69 at p. 3). According to the U.S. Attorney in this forum, after *Rahimi,* "there is no room to argue" that § 922(g)(1) is unconstitutional. (*Id.*). But the U.S. Attorney's position here clashes with the U.S. Attorney General's position in briefs to the Supreme Court. *See, e.g.,* Suppl. Br. for the Federal Parties at 2, *Merrick B. Garland, et al. v. Bryan David Range,* ___ S.Ct. ___ (2024) (No. 23-374). The Government there, acknowledging that there might, in fact, be room for argument after *Rahimi,* urged the Supreme Court to separately decide § 922(g)(1)'s constitutionality because *Rahimi* "is unlikely to fully resolve the existing conflict" among courts. *Id.*

The Court concurs with Defendants and the Solicitor General's assessment of *Rahimi*'s impact on the constitutionality of § 922(g)(1) post-*Bruen*. *Rahimi* did not satisfactorily resolve the issues present in this case. Accordingly, the Court will extend the stay of this matter until the Fifth Circuit provides further guidance.

Accordingly,

**IT IS ORDERED** that the stay entered on February 15, 2024, be and is hereby **CONTINUED** pending further direction from the U.S. Court of Appeals for the Fifth Circuit as to the constitutionality of 18 U.S.C. § 922(g)(1).

**IT IS FURTHER ORDERED** that at any time prior to the expiration of the stay set forth herein, any party may move to lift the stay, setting forth good cause for why the stay should be lifted.

**IT IS FURTHER ORDERED** that the time Defendants' cases are stayed is excluded from the time limitations of the Speedy Trial Act, 18 U.S.C. § 3161. Specifically, the Court finds that Defendants require a stay beyond their current hearing dates for the reasons set forth in Defendants' Briefs Regarding Stay, (Docs. 67, 70). The Court determines that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" because failure to grant this continuance would result in a miscarriage of justice. *Id.* at § 3161(h)(7).

Baton Rouge, Louisiana, this 22nd day of July, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**